ANN H. KUHLMAN, APPELLEE, V. GWYER GRIMMINGER ET AL., APPELLANTS.

327 N.W.2d 104

Filed December 10, 1982. No. 81-751.

O. Wm. VonSeggern of Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellants.

Powell & Powell, for appellee.

BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and BRODKEY, J., Retired.

PER CURIAM.

This suit began as a foreclosure of a real estate mortgage brought by plaintiff, Ann H. Kuhlman. Defendants, Gwyer Grimminger and Carol Grimminger, husband and wife, by cross-petition allege abatement of the amount due because plaintiff was unable to convey a part of the land; defendants do not resist the sale. Foreclosure was decreed and defendants were awarded $7,416.03 damages. Defendants appeal, claiming error in decreeing foreclosure and that the court used the wrong measure of damages. After de novo review, we affirm.

On March 1, 1977, the parties completed the sale of 279.25 acres of farmland for $212,000 from plaintiff vendor to defendants vendees. A $167,000 purchase money note and mortgage was given, payable in annual installments. Defendants made all payments until March 1, 1980, when they discovered plaintiff had previously conveyed an 18.5-acre tract. Plaintiff had forgotten that sale, and it did not appear on the abstract of title. Defendants computed their loss at $18,164 and tendered their check of $1,538.50 as payment of the $19,702.50 installment due March 1, 1980. Plaintiff refused the tender and this suit followed.

The facts are not in dispute except as they relate to land values and damages.

There is no merit to defendants' claim that they were not in default and that foreclosure is not a proper remedy. The law is well settled in Nebraska that under the pleadings, facts, and circumstances here, the mortgagee may proceed in foreclosure. See, *Musgrove v. Eskilsen,* 127 Neb. 730, 256 N.W. 883 (1934); *Mettlen v. Sandoz,* 131 Neb. 625, 269 N.W. 98 (1936).

Both parties agree that defendants are entitled to an abatement of a part of the unpaid mortgage debt, and they both cite as authority for the measure of damages *Ready Sand & Gravel Co. v. Cornett,* 184 Neb. 726, 733, 171 N.W.2d 775, 780 (1969): " '[W]here it appears that the vendor is unable to make a complete or perfect title, or that there is a deficiency in the quantity of land contracted to be sold, the general rule is that the vendee, if he so elects, it [sic] . . . entitled to have the contract specifically performed to the extent of the vendor's ability to comply therewith . . . and at the same time have a just abatement out of the purchase price for the deficiency of *title, quantity, or quality of the estate* to compensate for the vendor's failure to perform the contract in full. The vendee, in other words, may waive full performance and accept such title as the vendor is able to give, and if he chooses to do so, he has a right to that and to an abatement . . . . The measure of abatement should be such portion of the purchase price as the *relative value of the land lost bears to the purchase price of the whole tract.* At any event, abatement should be made upon the basis of the contract price.' " (Emphasis supplied.)

Defendants argue that a proper application of "abatement should be made upon the basis of the contract price" would be to compute damages for the average cost per acre, or $759 per acre. That is incorrect, although there might be some merit to that view if all of the land described in the contract being considered had the same value. The reference to the "contract price" is the constant $212,000

gross value factor fixed by the parties and the contract terms to which the values of the actual land or tracts of land conveyed and of the lost land are compared and related in value terms. See 71 Am. Jur. 2d *Specific Performance* § 134 (1973). During the trial, the court announced this measure of damages would be applied.

The evidence shows that the 279.25 acres had different soil types and farm uses, including, generally, 70 acres of irrigated cropland, 11 acres of dry cropland, 48 acres of meadow, 5 acres of grassland, 120 acres of pasture, 7 acres of turnrows, and the 18.5-acre tract not conveyed, which was sandy soil pasture adjacent to the Wood River, subject to flooding, and having some scrub tree growth. All witnesses said the 18.5-acre tract had the least value of any of the other land, and fixed its value from $200 to $550 per acre. The best land was the irrigated land, having a value of upwards of $1,250 per acre.

The land included in the contract has parts or units having unequal values by reason of either quality, adaptable use, productivity, or other relevant factors. Recoupment or measure of damages for the lost land is the value of the lost land compared to the value of the parts or units of land actually conveyed as all such values relate to the contract price.

In comparing these tracts of land and relating their values to the contract price, the trial court properly found the value of the 18.5-acre tract was $6,475 and that the total damages to defendants were $7,416.03.

AFFIRMED.